Don LUNSFORD, Appellant,

v.

The CITY OF BRYAN et al., Appellees.

No. 3373.

Court of Civil Appeals of Texas.

Waco.

June 7, 1956.

Rehearing Denied July 19, 1956.

Mullinax & Wells, Charles J. Morris, Dallas, for appellant.

Baker, Botts, Andrews & Shepherd, Hugh M. Patterson, Everett A. Lowe, Jr., Houston, John M. Lawrence III, W. S. Barron, Bryan, for appellees.

McDONALD, Chief Justice.

Plaintiff Don Lunsford brought suit against the City of Bryan, its City Manager, and its Fire Chief, seeking a mandatory injunction reinstating him as a fireman as well as for damages on account of his discharge from employment with the Fire Department of the City of Bryan. Suit was brought pursuant to Articles 5152, 5154c, and 5207a, R.C.S., Vernon's Ann.Civ.St., on the ground that plaintiff was denied employment on account of membership in a labor union. Defendant City joined issue on the question of whether or not plaintiff was a member of the union at the time of his discharge, and disputing that his termination was on account of his membership in the union.

Trial was to a jury, to whom the case was submitted on special issues. The jury, in response to Special Issue No. 1, found that Lunsford was *not* a member of the International Association of Fire Fighters on the day of his discharge. In accordance with the Trial Court's instructions the jury did not answer any other issues, and therefore did not answer whether or not plaintiff was discharged on account of union membership. Judgment that plaintiff take nothing was entered by the Trial Court. Plaintiff appeals, contending: 1) The Trial Court erred in submitting Special Issue No. 1, to-wit: "Do you find from a preponderance of the evidence that Don Lunsford was a member of International Association of Fire Fighters on the 13th day of July 1955?" 2) the Trial Court erred in predicating liability on a requirement that plaintiff be discharged because of *his membership* in a labor union rather than on account of *membership,* as provided by statute; 3) the Trial Court erred in making Special Issue No. 2, to-wit: "Do you find from a preponderance of the evidence that the reason for the termination of Don Lunsford as a fireman with the rank of Captain in the Fire Department of the City of Bryan was because of

his membership in International Association of Fire Fighters?" dependent on an affirmative answer to Special Issue No. 1? 4) the Trial Court erred in refusing to submit to the jury plaintiff's requested issue No. 1, to-wit: "Do you find from a preponderance of the evidence that membership in a labor union was the reason for plaintiff's discharge from the Bryan Fire Department?"

The record reflects that plaintiff had been for some time a fireman in the City of Bryan Fire Department. It is reflected that in *June 1955,* Jack Bostick, an International Vice-President of the International Association of Fire Fighters, wrote a letter to the Bryan Fire Department inquiring if they would be interested in joining the Association and organizing a "local" of such Association in Bryan. Thereafter Mr. Bostick came to Bryan and proceeded to explain advantages of affiliation with his Association, and accepted an application for membership from plaintiff and others, as well as an application for a local charter. Plaintiff was, with others, active in the efforts to organize the local of the International Association of Fire Fighters in the Bryan Fire Department. The record reflects that plaintiff's service as a fireman for sometime had been generally unsatisfactory and that he was guilty of a number of items and instances of unsatisfactory performance of his duties as a fireman. The Fire Chief, the City Manager of Bryan, and other officials of the City of Bryan were opposed to the organization of the local of the International Association of Fire Fighters within the Bryan Fire Department.

The Fire Chief terminated plaintiff's employment with the Bryan Fire Department at 10 minutes before 7:00 o'clock A.M. on 13 July, 1955.

In his first point plaintiff complains of the action of the Trial Court in submitting Special Issue No. 1, inquiring whether or

not he was a member of the International Association of Fire Fighters on 13 July 1955, the time of his discharge from employment. As noted, plaintiff brought his suit pursuant to Articles 5152 and 5154c and 5207a, R.C.S., alleging that he was discharged because of membership in a labor union.

Article 5152 R.C.S. provides: "It shall be lawful for any and all persons engaged in any kind of work or labor * * * to associate themselves together and form trades unions and other organizations for the purpose of protecting themselves in their personal work * * *."

Article 5154c provides: "It is declared to be the public policy of the State of Texas that no person shall be denied public employment by reason of membership or nonmembership in a labor organization."

Article 5207a, § 2, provides: "No person shall be denied employment on account of membership or nonmembership in a labor union."

■ Plaintiff's right to recover must find its support in a proper allegation and proof of a violation of the statutes upon which he relies. There is no action at common law for wrongful discharge where there is no contract of employment for a term, since, absent a statute to the contrary, an employer may discharge an employee for any reason, or for no reason at all.

The court says, in Local Union No. 324 International Brotherhood of Elec. Workers, etc. v. Upshur-Rural Elec. Co-op. Corp., Tex.Civ.App., 261 S.W.2d 484, 487:

"* * * The common law rule, that an employer may discharge an employee for any reason he desires, or for no reason, has been modified to the extent of the one exception only that he cannot discharge for union membership."

The foregoing case further says:

"The burden of proof, as in all such cases, is upon the applicant to show himself entitled to the relief prayed for, 24 Tex.Jur. p. 180, Sec. 134; and the appellate court will indulge the usual presumptions in favor of the judgment appealed from. 24 Tex.Jur. p. 310, Sec. 251."

■ From the foregoing it is obvious that the burden is upon the plaintiff to bring himself within the relief afforded by the statutes upon which he relies. The effect of the statutes upon which he relies is that *"no person shall be denied employment because of membership or nonmembership in a labor union."* In the instant case, plaintiff's employment with the City of Bryan was terminated. The City had the right to terminate such employment unless precluded from doing so by the statutes upon which plaintiff relies. From the very wording of such statutes plaintiff must prove himself to be a member of a labor union; must establish his union membership in order to come within the purview of the relief afforded by the statute. In other words, membership in the union must be established by the plaintiff, otherwise there could be no violation of the statutes. These statutes do not say *"union activity"*, or *"intention to join a union"*, or *"union sympathy"*, or anything other than *"membership"* is protected. This court cannot construe *"union membership"* to mean *"union activity"*. Once *membership* in a union is established a certain amount of union activity may be included within the protection afforded by the statutes, but the statutes cannot be construed to afford protection for *union activity* absent proof of union membership. The statute protects *"membership"* by its own language and we think that such is the only construction which can be placed on the statute.

■ It was therefore incumbent on plaintiff to prove *"union membership."*

Plaintiff alleged himself to be a member and offered evidence in such regard. There was a myriad of evidence that plaintiff was *not* a union member on 13 July, 1955,—including testimony from officials of the International Association of Fire Fighters, and even plaintiff's own testimony. Membership is a question of fact. 7 Corpus Juris p. 57; 8 C.J.S., Bankruptcy, § 80; Konta v. St. Louis Stock Exchange, 189 Mo. 26, 87 S.W. 969; Staples v. Hobbs, 145 Iowa 114, 123 N.W. 935; Francis v. Perry, 82 Misc. 271, 144 N.Y.S. 167. We think the Trial Court's submission of Special Issue No. 1 was not only correct, but that absent a favorable finding in response to such plaintiff is without the relief afforded by the statutes upon which he relies.

Plaintiff's 2nd point complains that the Trial Court erred in predicating liability on a requirement because of *his* membership in a labor union rather than on account of *membership*. We believe that the special issue submitted by the court constitutes a proper submission of the controlling issue. Rule 229 T.R.C.P.

Plaintiff's 3rd point complains of the Trial Court's submission of Special Issue No. 2 inquiring if plaintiff's employment was terminated by reason of his membership in the International Association of Fire Fighters, dependent upon an affirmative answer to Special Issue No. 1. Obviously if plaintiff was *not* a member of the Association, Special Issue No. 2 would become moot. Moreover, as pointed out heretofore, plaintiff's whole cause of action is dependent, under the statutes upon which he relies, upon his membership in the union. The answer to Special Issue No. 1 being that he was not a member at the time of his discharge, defeats and terminates his cause of action.

Plaintiff's last point is levelled at the failure of the Trial Court to submit his requested Special Issue No. 1. The Trial Court submitted the controlling issues in the case. Plaintiff's requested issue is essentially the same as the court's Issue No. 2. Further, in view of the jury's answer to Special Issue No. 1, this point becomes moot.

From the foregoing it follows that all of plaintiff's points are overruled and the judgment of the Trial Court is

Affirmed.