A & A LIQUOR STORES et al., Appellants,

v.

TEXAS LIQUOR CONTROL BOARD et al.,
Appellees.

No. 10823.

Court of Civil Appeals of Texas.

Austin.

Feb. 8, 1961.

Rehearing Denied Feb. 22, 1961.

Niemann & Babb, Austin, Malcolm McGregor, El Paso, Fritz K. Knust, San Antonio, for appellant.

Will Wilson, Atty. Gen., Jack N. Price, James R. Irion, Asst. Attys. Gen., for appellee.

ARCHER, Chief Justice.

This is a tax protest suit. Appellants have paid under protest and brought this suit to recover the sum of $89,246.27 claimed by appellees to be due on appellants' inventories as of the close of business August 31, 1959. The tax statute in question here is Subsection 2, Section 2, House Bill No. 11, Acts of the 56th Texas Legislature, 3rd Called Session, 1959 (hereinafter referred to as H.B. No. 11).

·Appellants contend that when Section 2 (2) is construed in conjunction with Section 2(1) and in accordance with the rule of construction in Section 3 of H.B. No. 11, it is evident that Section 2(2) is a proviso to Section 2(1) making it clear that manufacturers and wholesalers must also pay the increased portion of the new tax rate on their inventories having stamps already affixed at the old rate on the effective date of H.B. No. 11.

So construed, Section 2(2) is given the effect intended by the Legislature and appellants do not question its constitutionality. Appellants do say, however, that if Section 2(2) is construed as imposing a new tax on the inventories of retailers, no such subject is expressed in the title of H.B. No. 11 and the prospective taxpayers, appellants included, had no notice thereof as required by Art. III, Sec. 35, Texas Constitution, Vernon's Ann.St.

Appellees contend, as was held by the trial court, that it was the intention of the Legislature in enacting Section 2(2), H.B. No. 11, that the increased tax rate provided in that section should extend to liquor in the possession of retailers (package store

permittees)' as of the effective date of the Act, which was September 1, 1959.

The appeal is founded on two points, as follows:

1. "The court erred in construing Section 2(2), H.B. No. 11, as levying a new tax on the inventories of liquor retailers, such construction contained in Section 3 of H.B. No. 11 and the intent of the 56th Legislature."

2. "Having erroneously construed H.B. No. 11 as imposing a new tax on the inventories of liquor retailers, the court further erred in holding that such subject is expressed in the title of such Act as required by Art. III, Section 35, Texas Constitution."

There is not dispute concerning the material facts, such having been stipulated.

■ There are two questions presented in this case and may be stated:

1. "Does Section 2(2) of H.B. No. 11 properly construed, change the prior law by levying a new tax on the inventories of liquor retailers?"

2. "If such is a proper construction, is the subject of a new tax on liquor retailers expressed in the title of H. B. No. 11 as required by Act. III, Sec. 35, Constitution of Texas?"

Each of the appellants were notified by mail by the Texas Liquor Control Board to take an inventory as of the close of business August 31, 1959 and pay the increased portion of the new tax rate thereon, and each of the appellants did make an inventory and paid the appellee the proper amount accompanied by a written protest setting out the reasons why appellants contended that the collection of such tax was unauthorized and suit was filed.

House Bill No. 11 is long and we will insert only such portions as apply directly to the tax at issue:

"An Act revising and rearranging certain Statutes of Title 122 'Taxation' of the Revised Civil Statutes of Texas * * * amending Section 21 of Article 1, Chapter 467, Acts of the Forty-fourth Legislature, Second Called Session, 1935, as amended (compiled as Article 666–21 of Vernon's Annotated Penal Code of Texas) increasing the tax on distilled spirits and wine;. * * *"

Session, 1951, compiled as Article 666–

" 'Section 2. (1) Section 21 of Article 1, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature as last amended by Section VIII of Chapter 402, Acts of the Fifty-second Legislature, Regular Session, 1951, compiled as Article 666–21, Vernon's Annotated Penal Code of Texas, shall be and is hereby amended so as to read hereafter as follows:

" 'Section 21. There is hereby levied and imposed on the first sale in addition to the other fees and taxes levied by this Act the following:

" ' * * * [setting out tax rates on distilled spirits, providing a minimum tax etc.] * * *

" 'The term "first sale" as used in Article I of this Act shall mean and include the first sale, possession, distribution, or use in this State of any and all liquor refined, blended, manufactured, imported into, or in any other manner produced or acquired, possessed, or brought into this State.

" 'The tax herein levied shall be paid by affixing a stamp or stamps on each bottle or container of liquor. Said stamps shall be affixed in strict accordance with any rule or regulation promulgated in pursuance of this Act; provided, however, any holder of a permit as a retail dealer as that term is defined herein shall be held liable for for any tax due on any liquor sold on which the tax has not been paid.' "

As may be seen the provisions of the preceding paragraphs are a recodification

of provisions in Article 666–21 of the Vernon's Ann.Penal Code.

Section 2(2) of H.B. No. 11 provides:

"(2) It is further provided that such portion of the tax provided by the amendment to Section 21 of the Texas Liquor Control Act by Subsection (1) of Section 2 of this Act which represents an increase in the tax rate on liquors shall apply and attach to all liquor which shall be in the possession of any person for the purpose of sale."

Provision is made for a sworn inventory and payment of taxes.

We do not believe that Section 2(2) of House Bill No. 11 may be construed as levying a new tax on the inventories of liquor retailers.

In enacting the legislation the rule of construction contained in Section 3 of H. B. No. 11 and the intent of the Legislature is expressed as follows:

"Sec. 3. Construction of this Act. With respect to the provisions of this Act which tax transactions subject to taxation by the State prior to the effective date of this Act, this Act shall be considered to be the equivalent of a revision by amendment even though it is in the form of an enactment of new law and repeal of the old law. This Act shall be construed to make a substantive change in the prior law only where the language of this Act manifests a clear intent to make such a change."

Under the prior law, Section VIII of Chapter 4021, Vernon's Ann.P.C., Art. 666–21, 1959 Supp., no tax was levied on liquor in the possession of retailers.

Section 6 of Article 10, Vernon's Ann. Civ.St., provides:

"In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy."

It is to be observed that the section does not expressly mention or name "Liquor Retailers" or "Package Store Permittees" as persons to whom the tax shall apply, and only by implication that possession by retailers can be brought within the scope of the section, therefore if retailers' inventories are taxed by the statute it is only as possession of any person for purpose of sale, or having possession of liquor for purpose of sale.

The intention of the Legislature should be ascertained from the entire Act and not from isolated portions thereof.

City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273; Lunsford v. City of Bryan, 156 Tex. 520, 297 S.W.2d 115.

Retailers are forbidden by law from purchasing tax stamps and cannot pay liquor tax by affixing stamps.

If House Bill No. 11 be construed as imposing a new tax on the inventories of retailers then such tax would be unconstitutional as such subject is not expressed in the title of such Act as is required by Art. III, Section 35 of the Texas Constitution.

It is to be noted that the portion of the title to House Bill No. 11 dealing with the liquor tax expressly states that the body of the bill will deal with two subjects, i. e. amending Article 666–21, Vernon's Ann. P.C., by increasing the tax on distilled spirits and wine, and thereby specifies the article and section to be amended, and is limited to making the specific change.

39 Tex.Jur. p. 103–5, Statutes, Sec. 48, Amendatory Acts; Landrum v. Centennial Rural High School Dist. No. 2, Tex.Civ. App., 134 S.W.2d 353, er. dism., cor. judgm.

As we have stated, the prior law levied a tax only on first possession and sale, etc., and since 1935, the original Texas Liquor

Control Act, the tax has been in Section 21, codified as Article 666–21, Vernon's Ann.P.C. Mr. Stevenson, Administrator for the Board, testified that the Administrator and the Board have always considered Section 21 to be a tax on possession by wholesalers because it is on the first sale, or possession.

The Legislature having expressed in the title to House Bill No. 11 a subject of amending a particular article and section of the Control Act, it was limited to matters germane to that particular subject,—increasing a tax on first sale or possession of liquor, namely, the wholesaler, etc. and not the retailer. Construed otherwise to tax possession of liquor untaxed in the amended statute, section 2(2) becomes independent legislation, and such cannot be approved.

Board of Water Engineers of State v. City of San Antonio, 155 Tex. 111, 283 S.W. 2d 722.

■ The judgment of the Trial Court is reversed and judgment rendered for appellants and appellee ordered to refund appellants their taxes paid ·under protest, together with the pro rata interest earned thereon as provided for in Art. 1.05(5), Third Called Session, p. 190, Ch. 1, V.A. C.S.

Reversed and rendered

GRAY, Justice (dissenting).

I am unable to agree with the holding of the majority. The caption of H.B. No. 11 in part provides:

"An Act revising and rearranging certain Statutes of Title 122 'Taxation' of the Revised Civil Statutes of Texas and certain other laws of this State relating to taxation into a new Title to be known as Title 122A 'Taxation-General' of the Revised Civil Statutes of Texas; * * * amending Section 21 of Article 1, Chapter 467, Acts of the Forty-fourth Legislature, Second Called Session, 1935, as amended (compiled as Article 666–21 of Vernon's Annotated Penal Code of Texas) increasing the tax on distilled spirits and wine; * * *"

There is no controversy here that taxes on distilled spirits and wine were increased. The controversy is: Does the increase apply to distilled spirits and wines in the possession of retailers on the effective date of the Act? Such retailers possessed their stock of liquors for the purpose of sale and since such stock was in their possession on the effective date of the Act it had passed out of the possession of the wholesaler or distributor and unless it was then subject to the tax in their possession it would of course escape the increased tax. To my mind this condition partly reveals the intent of the Legislature to tax all liquors possessed for the purpose of sale on the effective date of the Act.

The title of the Act plainly states that its purpose is to increase taxes on distilled spirits and wine. There is nothing misleading or deceptive about this title. It it sufficient to disclose the purpose of the Act and to advise the Legislature and the people of the nature and the purpose of the bill. By applying the well established rule that a liberal construction will be indulged in order to hold that the title of an Act conforms to the constitutional requirement, as we must, Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966, it appears to me that any person interested in the matter of the increase of taxes on distilled spirits and wines would be put on inquiry as to what the Legislature was undertaking.

I would affirm the judgment of the trial court.