Frank D. MASON, Appellant,

v.

Lionel J. BABIN, Jr., Appellee.

No. 5085.

Court of Civil Appeals of Texas, Waco.

Dec. 2, 1971.

Rehearing Denied Jan. 6, 1972.

Jackson C. Burroughs, Dallas, for appellant.

Dalton, Moore, Forde, Joiner & Stollenwerck, Sam S. Stollenwerck, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a suit in which Appellant Mason as plaintiff sued Appellee Babin as defendant seeking to recover judgment upon a promissory note. Babin had executed this note in the original principal amount of $5500.00 to the Exchange Bank and Trust Company of Dallas, Texas, and had received the money on same. Mason had guaranteed payment of this note. Babin did not pay the note when it became due, but had a savings account in this Bank in the amount of approximately $1500.00 which the Bank took over and applied as a credit upon the note, leaving an unpaid balance of $4080.00. The Bank called upon Mason as guarantor to pay off this balance, which Mason did, and then the Bank transferred and assigned the note to Mason. Mason then brought this suit against Babin for $4080.00 plus interest at 8½% per annum from May 1, 1969, to maturity of said note, plus after-maturity interest at 10% per annum, plus 10% Attorneys fees provided for in said note, and costs.

Babin defended this suit on the theory of estoppel.

Appellee Babin was employed by Appellant Mason shortly before the execution of the subject note under a verbal contract (for an undetermined time) whereby Mason agreed to pay Babin a salary based upon $18,000 per year, and in addition thereto 10% of the net profits, and it was further agreed that if the business was sold that Babin would be paid one-third of the net profits over and above Mason's investment.

Babin went to work in October 1968, and worked until May of 1969, a period of some eight months, in which last-named month Mason discharged Babin (and Babin's secretary) without notice, and paid their salaries up to the date of their dismissal. It was undisputed that the business never made any net profits, as the business was losing money at all times while Babin was there. The business was not sold until long after Babin's employment was terminated, and then at a loss.

Babin's testimony in effect was that his verbal employment agreement with Mason was that he (Babin) would receive salary at the rate of $18,000 per year, payable either monthly or semimonthly, and in addition, that he would get 10% of the net profits, and in the event the business sold that he would get one-third of the profits over and above Mason's investment, and that *there were no other agreements* between them (Mason and Babin).

Babin further testified that Mason called him and Babin's secretary into the office on May 31, 1969 and said "I am letting you both go", and paid them their salaries up to date, and terminated them both at the same time.

Babin told Mason that "he knew the position I was in, just buying a house, I was in a pretty bad financial spot then with no income, and he (Mason) said, 'Don't worry about it, I'll pay the note as your severance'." Babin went on to testify that he relied upon and believed Mason's promise to pay the note, and would have paid the note himself if he (Mason) had not said that.

Trial was to a jury. Only one special issue was submitted to the jury as follows:

"Do you find from a preponderance of the evidence that on the date Defendant

Babin's services were terminated by Plaintiff Mason, Plaintiff Mason agreed to pay any balance due on Defendant Babin's note to Exchange Bank & Trust Company in place of employment severance pay, if any"? To this the jury answered, "Yes."

Pursuant to the jury verdict, the trial court entered judgment that Plaintiff Mason take nothing from Defendant Babin.

Plaintiff Mason as Appellant appeals on three points, the first point being as follows: the Defendant's only defense was that of estoppel; that Defendant failed to allege and prove the essential elements of estoppel, and therefore Defendant's defense failed and Plaintiff was entitled to judgment as prayed for. We sustain this contention.

Defendant testified that he signed the note and received the money; that Plaintiff endorsed the note and signed a guaranty agreement with the Bank; that he did not pay the balance of some $4000.00 when due; that Plaintiff did pay the balance with the accumulated interest; that the Bank transferred and assigned the note to Plaintiff; and that he had not paid Plaintiff anything on the note. The note and guaranty agreement were admitted in evidence without objection. In other words, Defendant has admitted Plaintiff's cause of action unless Defendant's plea of estoppel is good.

The elements of estoppel have been set out by the Supreme Court in Gulbenkian v. Penn (1952) 151 Tex. 412, 252 S.W.2d 929 at p. 932 as follows: " 'In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.' 31 C.J.S. Estoppel § 67, page 254. Also, 'Before an estoppel

can be raised there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. Nothing can be supplied by intendment. . . . If an act or omission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel.' Id. § 77, page 282, et seq."

The Supreme Court in Concord Oil Co. v. Alco Oil and Gas Corp. (Tex.1965) 387 S.W.2d 635 at page 639 has enunciated the following additional rules regarding estoppel:

" 'The burden of proving an estoppel, and the essential elements thereof, is on the party asserting it.' 31 C.J.S. Estoppel § 160a, p. 765.

" 'Estoppel is ordinarily regarded as affirmative matter; and under the rule that he who has the affirmative of the issue has the burden of proof, a party who claims, asserts, or invokes, or who alleges and relies on, an estoppel has the burden of establishing it, or all of the facts or elements necessary to constitute it, or the grounds on which it rests, and the failure to prove any one or more of the elements constituting an estoppel has been declared to be fatal. The opponent of the party relying on an estoppel is not required to show the absence of any of its component elements.'

" . . . An essential element of estoppel is that the party relying on an estoppel must have acted on it to his prejudice. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 932(6, 7) (1952).

" 'No intendments are made in favor of a plea of estoppel, but it is incumbent on the pleader to aver all facts essential to its existence with particularity and precision.' Lloyd v. Singleton (Tex.Civ.App. 1929), 16 S.W.2d 891(4), n. w. h.; Gulbenkian v. Penn, supra.

" 'In order for an estoppel to exist, it devolves upon the party seeking the advantage thereof to establish that he has been

misled to his injury. Fitch v. Lomax (Tex. Comm.App.) 16 S.W.2d 530, 66 A.L.R. 758; 17 Tex.Jur. § 15, p. 144.' Free v. Smith (Tex.Civ.App.1935), 80 S.W.2d 419(1, 2), Rev. on procedural point, 130 Tex. 23, 107 S.W.2d 588."

■ It is only where conduct or statements are calculated to mislead a party, and are *acted upon by him in good faith to his prejudice,* that the doctrine of estoppel can be invoked. Jones v. Mid-State Homes, Inc. (1962) 163 Tex. 229, 356 S.W. 2d 923.

■ In the case at bar, the Defendant did not plead a single one of the essential elements of estoppel. A careful examination of the record shows that the Defendant Babin failed to prove that he relied on Mason's promise to pay the note to his prejudice; that is to say, that Babin suffered any injury thereby. This is an essential element of estoppel. What is the greatest possible injury or prejudice that Babin could suffer in reliance on Mason's promise to pay off the note? It is that Babin would have to pay off the note himself. He could not possibly be prejudiced or suffer any injury thereby, because this was something that Babin was already legally bound to do. He could not possibly be prejudiced by having to perform an act that he was already legally bound to perform. See American National Insurance Co. v. Teague (Com.App.1922) 237 S.W. 248, syl. 1 page 250, op. adopted by Supreme Court.

Babin contends that Mason's promise to pay off the note was in lieu of severance pay; however, the evidence shows that in their verbal employment agreement Mason never agreed to pay Babin any severance pay.

In the case at bar, the employment agreement was not for any definite term. At common law there was no action for wrongful discharge where there is no contract of employment for a term, since an employer may discharge an employee for any reason, or for no reason at all. Lunsford v. City of Bryan (Waco, Tex.Civ.App. 1956) 292 S.W.2d 852, reversed on other grounds, 156 Tex. 520, 297 S.W.2d 115.

■ Appellant's second and third points in effect contend that the contract of employment had been fulfilled and appellee discharged by payment of the agreed salary up to the date of discharge, and that any new promise by Appellant to pay the note in question must be based upon a new and separate consideration from that of the original contract; that Appellant's promise to pay off the note was a mere gratuitous promise without being supported by consideration, and that therefore this promise is unenforceable in law.

We sustain this contention, because the record shows no consideration whatever to support Mason's promise to pay off the note. Mason had already done everything he had agreed to do when he paid Babin up to the date he discharged Babin. Under their employment agreement, Mason did not owe Babin any severance pay; therefore his promise to pay off the note was a mere gratuitous promise unsupported by consideration. See Stone v. Morrison & Powers (Tex.Com.App.1927) 298 S.W. 538, opinion adopted by Supreme Court; also Shear Co. v. Harrington (Waco Civ. App.1924), 266 S.W. 554, no writ history.

The judgment of the trial court is hereby reversed and rendered, to the effect that Plaintiff-appellant Mason is awarded judgment against Defendant-appellee Babin for $4166.70 (same being the original principal balance of $4080.00 plus $86.70 interest to August 1, 1969), together with interest on $4166.70 from August 1, 1969 until paid, and in addition thereto 10% of the principal and interest then owing at the time of payment thereof as attorneys fees. All costs of trial and appeal are assessed against Defendant-appellee.

Reversed and rendered.