

# The Attorney General of Texas

March 20, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

The Honorable Lynn Tate
Commissioner
Texas Department of Labor
  and Standards
Sam Houston State Office
  Building
Austin, Texas 78711

Opinion No. H-1139

Re: Whether one year irrevocable
union dues checkoff provisions in union
contracts violate state law prohibiting
compulsory unionism.

Dear Commissioner Tate:

You have requested our opinion concerning the legality of a one year irrevocable union dues checkoff agreement by which an employer, at the employee's request, deducts union dues from an employee's paycheck and transfers such sums to the labor union. You ask whether such an agreement violates prohibitions concerning compulsory union membership. V.T.C.S. art. 5207a; see also V.T.C.S. art. 5154c, S 4; art. 5154g, S 1. Your precise question is:

> Does an employee in Texas whose employment is governed by a union contract containing typical language for a one-year irrevocable dues checkoff agreement with the contracting employer, have a right to terminate that agreement because of the prohibition under Texas law against compulsory unionism in Article 5207a, V.T.C.S., so as to be entitled to receive a payment of wages which would exclude the amounts that otherwise would have been withheld as union dues during the remaining term of the one-year agreement so as to support a wage complaint under the Texas Semi-Monthly Pay Day Law, or, would this type of one-year irrevocable dues checkoff agreement preclude the employee under such circumstances from claiming that additional amount as wages in connection with a complaint filed with our office under the Texas Semi-Monthly Pay Day Law? In this regard, please consider the provision for dues checkoff contained in Article 5154e, V.T.C.S.

Article 5207a provides in part:

> Sec. 3. Any contract which requires or prescribes that
> employees or applicants for employment in order to work for
> an employer shall or shall not be or remain members of a
> labor union, shall be null and void and against public policy.

In discussing article 5207a and the related statements of public policy contained in article 5154c and 5154g, the Supreme Court of Texas has stated:

> The intent seems obvious to protect employees in the
> exercise of the right of free choice of joining or not joining
> a union.  The purpose of the statute is to afford equal
> opportunity to work to both classes of employees.

Lunsford v. City of Bryan, 297 S.W.2d 115, 117 (Tex. 1957).  Thus the proscription of article 5207a applies to obligations and actions on the part of employers; they are required to afford "equal opportunity."  See also Construction and General Labor Union Local No. 688 v. Stephenson, 225 S.W.2d 958 (Tex. 1950); Sheet Metal Workers Local No. 175 v. Walker, 236 S.W.2d 683 (Tex. Civ. App. — Eastland 1951, writ ref'd).  Attorney General Opinions WW-1018 (1961); S-224 (1956).  We do not believe that article 5207a therefore is dispositive of your question.  The controlling statute does appear to be article 5154e, V.T.C.S., to which you refer in the final sentence of your inquiry.

Article 5154e, V.T.C.S., provides in part:

> Any contract which permits, requires, prescribes or
> provides for the retention of any part of the compensation
> of an employee for the purpose of paying dues or assess-
> ments on his part to any labor union, without the written
> consent of the employee delivered to the employer authoriz-
> ing the retention or the withholding of such sum shall be null
> and void and against public policy.

The provisions of article 5154e are to our mind very clear.  The key to determining whether or not contractual provisions for so called one year "irrevocable dues checkoff" are legal is to ascertain if the employee has given written consent to such a provision.  Obviously, a provision which provides solely for a union dues checkoff agreement would be valid under article 5154e so long as the employee affected has given and delivered to the employer his written consent thereto.  See also 29 U.S.C. § 186 (c)(4).

Your question arose from the possibility that an employee could file a complaint under articles 5155-5159, V.T.C.S., for unpaid wages which were deducted pursuant to a checkoff agreement.  In our opinion such a complaint under the semi-monthly payday laws would not be upheld if it were demonstrated that the

employee had timely delivered a written consent to the employer authorizing the retention or withholding of such deduction.

## SUMMARY

A provision for a one year irrevocable union dues checkoff agreement between a union and a member thereof is made valid by the Legislature under article 5154e, V.T.C.S., so long as the employee affected has given and delivered to the employer his written consent for such a provision.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst