

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 28, 1984

Honorable Tommy W. Wallace
Criminal District Attorney
Van Zandt County Courthouse
Canton, Texas    75103

Opinion No. JM-277

Re:  Whether a constable who
has been appointed to fill a
vacancy is authorized to call
a meeting of a county griev-
ance committee

Dear Mr. Wallace:

You have asked whether the phrase "elected county or precinct officer" as used in section 2(e) of article 3912K, V.T.C.S., includes a county constable who has been appointed to fill the vacancy left by an elected constable who has been temporarily suspended from office by the district court. Article 3912K, section 2(e) provides:

> Any elected county or precinct officer who is aggrieved by the setting of his salary or personal expenses may within 5 days of his notification request a hearing before the salary grievance committee. . . .

We conclude that article 3912K, section 2(e) applies equally to anyone who holds the office of constable whether he has been elected in a general election or appointed to fill a vacancy.

In general, statutory language will be construed to give effect to the legislative intent. National Surety Corp. v. Ladd, 115 S.W.2d 600, 603 (Tex. 1938). When necessary to fulfill the legislative intent and to effectuate the legislative purpose, the meaning of words will be extended beyond or restricted within their natural import. Lunsford v. City of Bryan, 297 S.W.2d 115, 117 (Tex. 1957); City of Mason v. West Texas Utilities Company, 237 S.W.2d 273, 278 (Tex. 1951). It is our opinion that it would not comport with the legislative intent behind article 3912K to construe the language of the statute literally, thereby distinguishing constables who have been elected to office from those who have been appointed to fill vacancies.

In Attorney General Opinion MW-111 (1979), this office discussed the status of a person appointed to the constitutional office of sheriff to fill an unexpired term. The question addressed in the

opinion concerned the applicability of article 4413(29aa), V.T.C.S. to a sheriff appointee. Article 4413(29aa) created the Commission on Law Enforcement Officer Standards and Education which sets standards for law enforcement officers in the state. The provisions of article 4413(29aa) are qualified by the specific exemption found in section 6(f):

> Nothing herein shall be construed . . . to affect any sheriff, constable or other law enforcement officer elected under the provisions of the Constitution of the State of Texas.

In Attorney General Opinion MW-111 (1979), this office construed section 6(f) to exempt from certification those persons occupying constitutional law enforcement offices. The opinion concluded that because the constitutional office itself was excepted from article 4413(29aa), it was immaterial that a person held the position by appointment rather than by popular election, despite the literal language of the provision i.e., both elected and appointed sheriffs are exempted. The opinion reasoned as follows:

> [I]f the statute were construed otherwise, the requirements of the statute would constitute qualifications for the office. There would be one set of qualifications for the office if occupied by an appointee, and another set for it if occupied by a person popularly elected to it.

Attorney General Opinion MW-111 (1979).

Analogously, we conclude that the phrase "elected county or precinct officer" as used in article 3912K must be construed broadly to refer to the elected office itself; anyone holding the office of constable may request a hearing before the grievance committee regardless of the manner by which the constable attained his office.

## S U M M A R Y

A constable may request a hearing before a salary grievance committee pursuant to article 3912K, V.T.C.S., whether he has been elected or appointed to his office.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs