**AFFIRMED and Opinion Filed March 12, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00309-CV**

**3WT, LLC, KEN WHITTEN, AN INDIVIDUAL, AND D. CRAIG WALKER, AN INDIVIDUAL, Appellants**

**V.**

**M.A. BLOCK INVESTMENT COMPANY, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-03112**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

Appellants argue the trial court erred by granting summary judgment in favor of the plaintiff, appellee here. Because the facts and law are settled, we issue this memorandum opinion and affirm. *See* TEX. R. APP. P. 47.4.

Appellees sued appellants for failing to pay a note. Summary judgment evidence established the existence of the note and appellants' failure to pay the note. Appellants argue they established a fact issue in the failure of consideration for the note because appellee wired the money a month before they executed the note.

Prior to the note, appellant 3WT, by its president appellant Whitten, and appellee M.A. Block signed an option indicating, as relevant, that an initial $425,000 investment by M.A. Block was due that day. There is no dispute Block timely transferred the $425,000, though appellants make much of the fact that the wire indicated the sender was M.A. Block president Michael Bloch and that only 3WT and M.A. Block signed the option. The option recited that "Block has agreed to loan 3WT, Whitten and Walker the sum of $425,000 pursuant to the terms of a Promissory Note with the right to convert the Note into an investment upon the terms and conditions contained herein."

All three appellants executed the note for $425,000 a month later. The note stated that "**FOR VALUE RECEIVED**, Borrowers, jointly and severally, promise to pay to the order of Lender . . . $425,000." At the end of the note, there is a heading above three signature lines. That heading is "**<u>BORROWERS:</u>**" and below that heading, appellant Whitten signed as manager for 3WT and then again on a separate line for himself, followed by Appellant Walker's signature on a line for himself. Appellant 3WT made seven payments on the note totaling less than a ninth of the amount due.

We review the granting of a summary judgment de novo. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App.–Dallas 2007, pet. denied). The movant for a traditional summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX.

R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed fact issue precluding summary judgment, we take evidence favorable to the nonmovant as true, indulging every reasonable inference in favor of the nonmovant; we resolve any doubts in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Kyle*, 232 S.W.3d at 358.

To prevail on summary judgment, appellee was required as a matter of law to prove the note in question: that appellants signed the note, that appellee is the legal owner and holder of the note, and that a certain balance is due and owing on the note. *See TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App.—Dallas 2010, no pet.). If summary judgment proof establishes the elements, the holder of the note is entitled to recover, unless the makers establish a defense. *See Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Appellees presented summary judgment evidence by affidavit and exhibits satisfying each element of a suit on a note as a matter of law: (1) the existence of the note; (2) signing by appellant 3WT, appellant Whitten, and appellant Walker to be responsible for payments on the note for the $425,000; (3) appellee's ownership; and

(4) the balance due after payments made by 3WT. This shifted the burden to appellants to raise a material fact issue regarding each element of a defense.

Appellants' sole defense and sole appellate issue is that the note fails for want of consideration because Block transferred the $425,000 a month earlier, at the time the option was signed, despite the fact that the three appellants signed the note guaranteeing to repay $425,000. The law allows temporal leeway between document executions in certain circumstances. "Documents pertaining to the same transaction may be read together, even if they are executed at different times and do not reference each other, and courts may construe all the documents as if they are part of a single, unified instrument." *In re Laibe*, 307 S.W.3d 314, 317 (Tex. 2010). Here, the option referenced the note and the parties executed the note just as the option contemplated. They were part of the same transaction, though this is as far as we must go because the note stands on its own.

The common law and the Uniform Commercial Code agree that adequate consideration supports a note executed in this situation. *See Suttles v. Thomas Bearden Co.*, 152 S.W.3d 607, 614 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The UCC says a promissory note is issued for "value" if it is issued "as payment of, or as security for, an antecedent claim against any person, whether or not the claim

is due." TEX. BUS. & COM. CODE § 3.303(a)(3).[1] An instrument issued for value, as defined by section 3.303(a), "is also issued for consideration." *Id.* § 3.303(b).

The first example in the UCC comment to section 3.303 guides us: "Case #1. X owes Y $1,000. The debt is not represented by a note. Later X issues a note to Y for the debt. Under subsection (a)(3) X's note is issued for value. Under subsection (b) the note is also issued for consideration whether or not, under contract law, Y is deemed to have given consideration for the note."

UCC Comment 4 also guides us, as appellee argues:

> 4. Subsection (a)(3) follows former Section 3-303(b) in providing that the holder takes for value if the instrument is taken in payment of or as security for an antecedent claim, even though there is no extension of time or other concession, and whether or not the claim is due. Subsection (a)(3) applies to any claim against any person; there is no requirement that the claim arise out of contract. In particular the provision is intended to apply to an instrument given in payment of or as security for the debt of a third person, even though no concession is made in return.

We conclude the note was issued for value as section 3.303(a) describes and, therefore, that it was also issued for consideration.[2]

---

[1] Texas has adopted the UCC and codified it in the Business and Commerce Code. *See* TEX. BUS. & COM. CODE § 1.101(a) ("This title may be cited as the Uniform Commercial Code.").

[2] Appellants cite cases reciting black-letter contract law regarding consideration. In doing so, they demonstrate their misunderstanding of the issue. The note is not exclusively governed by traditional contract principles in this situation. UCC section 3.303 statutorily defines when a note is issued for consideration.

And while one case they cite, *Mason v. Babin*, 474 S.W.2d 809 (Tex. App.—Waco 1971, writ ref'd n.r.e.), structurally involves a note, examining the posture of that case gives us no pause in declining the

We are left with appellants' assertion that a time limit in the option for appellee to invest more than the initial $425,000 requires the note for the $425,000 to be void because the parties executed the note after the time to exercise the option had expired. The fact that appellee apparently declined—within its rights—to invest more money does not vitiate the $425,000 debt, nor does it vitiate the note all three appellants signed to take responsibility for that debt by executing the note. The deadline to exercise the option to invest more has no application to the note the parties signed.

Having rejected appellants' sole issue on appeal, we affirm.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200309F.P05

---

invitation to rely on it. As relevant, the *Mason* court held there was no consideration for an employer's gratuitous oral promise, upon firing an employee who had executed a note on which the employer was the guarantor, to pay the note as severance. *Id.* at 810 (facts), 812 (analysis). Because the employer had fulfilled all terms of the parties' employment contract and that contract did not include severance, the promise to pay the note "was a mere gratuitous promise," separate and apart from the note itself, and was "unsupported by consideration." *Id.* at 812. The present case deals with a later-executed note supported by consideration as defined in the UCC, not a gratuitous, attempted oral supplement to an employment contract.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

3WT, LLC, KEN WHITTEN, AN INDIVIDUAL, AND D. CRAIG WALKER, AN INDIVIDUAL, Appellants

No. 05-20-00309-CV    V.

M.A. BLOCK INVESTMENT COMPANY, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-03112. Opinion delivered by Justice Carlyle. Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee M.A. Block Investment Company recover its costs of this appeal from appellant 3WT, LLC, Ken Whitten, an individual, and D. Craig Walker, an individual.

Judgment entered this 12th day of March, 2021.