Ronald M. CAIL, Petitioner,

v.

SERVICE MOTORS, INC., Respondent.

No. C–2211.

Supreme Court of Texas.

Dec. 7, 1983.

Mobley, Green, Harrison & Sparks, Joe R. Green, Longview, for petitioner.

Charles C. Dickerson, Carthage, for respondent.

ROBERTSON, Justice.

Ronald M. Cail sued Service Motors, Inc. under the Texas Deceptive Trade Practices Act (DTPA). The trial court rendered judgment awarding Cail actual damages but denied recovery of attorneys' fees. The court of appeals affirmed with one dissent in an unpublished opinion pursuant to Rule 452. The sole issue before this Court is whether DTPA section 17.50A(c), when read in conjunction with section 17.50A(d), TEX.BUS. & COM.CODE ANN. § 17.-50A(c), (d) (Vernon Supp.1982–1983), requires a settlement offer responding to a consumer's demand letter to include an offer of reimbursement for attorneys' fees. We reverse and render.

Service Motors sold Cail a pickup truck represented to be a 1978 Dodge Club Cab

model. Approximately four months later Cail discovered the truck was actually the result of the joinder of a damaged 1973 and a damaged 1978 model to form a single Dodge Club Cab truck. In compliance with DTPA section 17.50A(a) Cail tendered written notice to Service Motors demanding $4,500 in actual damages and $250 in attorneys' fees. Service Motors in response offered to pay Cail $4,030 less either $.08 per mile or $4.33 per day or to replace the truck with a 1979 Dodge pickup with 25,000 miles. Cail, thereafter, brought suit under section 17.50 of the DTPA. After finding Service Motors guilty of deceptive trade practices, the jury awarded actual damages of $3000 and $2445 in attorneys' fees. The trial judge denied attorneys' fees because the settlement offer was substantially the same as found by the jury.

Cail asserts Service Motors' settlement offer was not properly tendered under DTPA section 17.50A(c) as required for the application of section 17.50A(d). Specifically, he argues section 17.50A(c) requires a settlement offer to include an offer to reimburse reasonable attorneys' fees. We agree.

■ The resolution of an issue of statutory construction must begin with an analysis of the statute. *Allen v. Pierce,* 689 F.2d 593 (5th Cir.1982). If the disputed statute is clear and unambiguous extrinsic aids and rules of statutory construction are inappropriate; *Ex parte Roloff,* 510 S.W.2d 913 (Tex.1974), and the statute should be given its common everyday meaning. *Banks v. Chicago Grain Trimmers Assoc.,* 390 U.S. 459, 465, 88 S.Ct. 1140, 1144, 20 L.Ed.2d 30 (1968). Neither party asserts the statute at bar is ambiguous. Nor do we find the statute to require judicial construction. Thus the statute is to be enforced as interpreted by its express language.

■ DTPA Section 17.50, TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon Supp. 1982–1983), provides consumers a remedy for deceptive trade acts. A prerequisite to recovery under section 17.50(b)(1) is delivery of written notice of a claim to the potential defendant including actual dam-

ages and attorneys' fees. *Id.* at 17.50A(a). A person receiving written notice "may, within 30 days after receipt of the notice, tender to the consumer a written offer of settlement, *including an agreement to reimburse the consumer for attorneys' fees* . . . ." *Id.* at 17.50A(b) (emphasis added). A consumer failing to accept a settlement offer made in compliance with section 17.-50A(c) and which is substantially the same as actual damages as found by the trier of fact is prohibited from recovering an amount in excess of the settlement offer or actual damages, whichever is less. *Id.* at 17.50A(d).

Cail through his attorney sent a properly written demand letter fulfilling the consumer's responsibilities under DTPA section 17.50A(a). Upon receiving Cail's demand letter Service Motors was given a statutory option to tender a settlement offer in response. However, for Service Motors to preserve the statutory penalty for a consumer's unreasonable refusal to accept a proffered settlement offer the offer is required to be in the form prescribed by law. Section 17.50A(c) specifically mandates the settlement offer shall include an agreement to reimburse the consumer for reasonable attorneys' fees. *Id.* at 17.50A(c). Service Motors concedes an offer to reimburse Cail for his attorneys' fees was not made or intended. We, therefore, find Service Motor's settlement offer was insufficient as a matter of law and the trial court's application of section 17.50A(d) disallowing the recovery of attorneys' fees was improper.

The judgment of the court of appeals is reversed and the trial court judgment is reformed to award Cail damages in accordance with section 17.50(b) and the attorneys' fees awarded by the jury.