

# THE ATTORNEY GENERAL
## OF TEXAS

July 30, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mark W. Stiles                     Opinion No.   JM-761
Chairman
County Affairs Committee                     Re: Authority of constables to
Texas House of Representatives               enforce traffic laws anywhere
P. O. Box 2910                               within their counties
Austin, Texas    78769

Dear Representative Stiles:

You have asked whether constables may legally enforce traffic laws and regulations within their counties -- outside their respective precincts as well as within them.

Constables are constitutional officers elected in each justice precinct. Tex. Const. art. V, §§18, 24; V.T.C.S. arts. 6878, 6889. Article 6885 requires a constable to "execute and return according to law all process, warrants and precepts to him directed and delivered by any lawful officer," to "attend upon all justice courts held in his precinct," and to "perform all such other duties as may be required by him by law."

Article 6889, V.T.C.S., was recently amended to read:
> (a) Every constable may execute any process, civil or criminal, throughout his county and elsewhere, as may be provided for in the Code of Criminal Procedure, or other law.
>
> (b) <u>A constable expressly authorized by statute to perform an act or service, including the service of civil or criminal process, citation, notice, warrant, subpoena, or writ, may perform the act or service anywhere in the county in which the constable's precinct is located.</u>
>
> (c) Notwithstanding the Texas Rules of Civil Procedure, all civil process may be served by a constable in his county or in a county contiguous to his county, except that a constable who is a party to or interested in the outcome of a suit may not serve any process related to the suit. (Emphasis added).

See Acts 1987, 70th Leg., ch. ____ at ____ (H.B. No. 386).

The new provisions of article 6889 take effect September 1, 1987. September 1, 1987 is also the date upon which the new Local Government Code takes effect. See Acts 1987, 70th Leg., ch. 149, at 1397, 2548. The code, intended as a non-substantive recodification of prior law, id. at 2548, repeals article 6889, V.T.C.S., id. at 2547, but incorporates its provisions as section 86.021(b) of the code. As enacted, the code section does not reflect the 1987 amendment of article 6889 by the 70th Legislature, but subsections (c) and (d) of section 311.031 of the Government Code provide:

> (c) The repeal of a statute by a code does not affect an amendment, revision or reenactment of the statute by the same legislature that enacted the code. The amendment, revision or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised or reenacted.

> (d) If any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls.

Consequently, references herein to article 6889, V.T.C.S., are also references to section 86.021(b) of the Local Government Code.

As recently amended, subsection (b) of article 6889 (emphasized above) grants to constables the authority to perform anywhere in the county any act which he could, by express statutory authorization, perform in his precinct. By virtue of articles 14.01(b) and 2.13 of the Code of Criminal Procedure -- and, in the case of traffic offenses, by virtue of section 153 of article 6701d, V.T.C.S. -- a constable has express statutory authority to make warrantless arrests in his precinct for offenses committed in his presence or view.[1]

The words of the amended statute are unambiguous and it is the duty of the courts to give them their plain meaning. Gov't Code §312.002; Code Crim. Proc. art. 3.01. A statute should be given its common everyday meaning in such circumstances, and extrinsic aids and rules of construction are inappropriate. Cail v. Service Motors, Inc., 660 S.W.2d 814 (Tex. 1983). See 53 Tex. Jur. 2d Statutes §125 (1964).

---

1. Cf. Parks & Wild. Code §11.019(b), (c) (extending statewide jurisdiction to game wardens) amended in 1983 subsequent to the Preston decision.

We conclude that after September 1, 1987, the effective date of the amendment to article 6889, V.T.C.S., constables may legally enforce traffic laws and regulations within their counties outside their respective precincts as well as within them, but that the court of criminal appeals would not hold them empowered to do so before that time.

## S U M M A R Y

After September 1, 1987, the effective date of an amendment to article 6889, V.T.C.S., constables may legally enforce traffic laws and regulations within their counties outside their respective precincts as well as within them.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General