Office of the Attorney General
State of Texas



DAN MORALES
ATTORNEY GENERAL

August 12, 1992

Mr. John Pouland
Executive Director
General Services Commission
P. O. Box 13047
Austin, Texas 78711-3047

Opinion No. DM-151

Re: Whether pursuant to section 2.061(d) of the General Services Act, article 601b, V.T.C.S., a person who is a member of a firm which employs persons who are required to register as lobbyists under chapter 305 of the Government Code may serve as a commissioner of the General Services Commission, and related questions (RQ-343)

Dear Mr. Pouland:

You have requested an opinion from this office concerning the application of the conflict-of-interest section of the General Services Act, V.T.C.S. article 601b, section 2.061(d). This section reads:

> A person may not be a member of the commission or act as the general counsel to the commission if the person is required to register as a lobbyist under Chapter 305, Government Code, because of the person's activities for compensation on behalf of a profession related to the operation of the commission or a business entity that contracts with the state.

Your primary concern is whether, under this section, a person who is a member of a firm may serve as a commissioner of the General Services Commission when the firm employs persons who are required to register as lobbyists under chapter 305 of the Government Code. You also ask us to comment on your interpretation of the scope of section 2.061(d).

We conclude that a person who is a member of a firm may serve as a commissioner of the General Services Commission even if that firm has other employees who are required to register as lobbyists under chapter 305. The ordinary meaning of the language used in section 2.061(d) dictates this conclusion. As a general rule, the words in a statute should be given their ordinary meaning

unless the statute is ambiguous, the words are used as terms of art, or the statute gives definitions for the words. *E.g.*, Gov't Code § 312.002(a) (providing that the words of the civil statutes shall be given their ordinary meaning unless they are used as terms of art); *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983) (stating that if the words of a statute are clear and unambiguous, the statute should be given its common, everyday meaning). The language in section 2.061(d) refers to "the person" required to register only, not to anyone else. Thus, the language indicates that only the person who is actually required to register as a lobbyist is ineligible to be a commissioner of the General Services Commission.

The language used in section 2.061(d) also indicates that its scope is somewhat broader than your interpretation. You suggest that section 2.061(d) applies *only* to individuals who lobby on behalf of 1) entities that contract with the state through the General Services Commission or 2) professions related to the operation of the General Services Commission. We agree that section 2.061(d) applies to these two categories of individuals. However, in our opinion the section also applies to lobbyists who work on behalf of any business that contracts with the state, regardless of whether the business contracts through the General Services Commission. The section explicitly refers to lobbyists who work "on behalf of . . . a business entity that contracts with the state." This language does not restrict the application of the section to lobbyists who work on behalf of entities that contract with the state through the General Services Commission. In contrast, the language of other conflict-of-interest provisions encompasses only one or two of these three categories. For example, section 5.05(c) of the Alcoholic Beverage Code states that a member of the Alcoholic Beverage Commission cannot also be a person who is required to register as a lobbyist because of his or her work "on behalf of a profession related to the operation of the commission."[1] This section demonstrates that if the legislature had wanted to limit the application of section 2.061(d) to lobbyists whose work is somehow related to the General Services Commission, it would have done so explicitly. In light of the ordinary meaning of the words in the section, we cannot conclude that the legislature intended section 2.061(d) to apply only to lobbyists who work on behalf of entities that contract with the state through the General Servicies Commission or professions related to the operation of the General Servicies Commission.

---

[1]*See also, e.g.*, Agric. Code § 12.0135(a) (providing that the general counsel of the Agriculture Department cannot be someone who is required to register as a lobbyist because of his or her work "on behalf of a profession related to the operation of the department").

## S U M M A R Y

Section 2.061(d) of the General Services Act, article 601b, V.T.C.S., does not prohibit a person from serving as a commissioner of the General Services Commission when that person is a member of a firm with other employees who are required to register as lobbyists under chapter 305 of the Government Code. Only the person actually required to register as a lobbyist is ineligible to serve as a commissioner of the General Services Commission under section 2.061(d). However, the application of the section is not restricted to lobbyists required to register because of their activities on behalf of professions related to the operation of the General Services Commission or on behalf of business entities that contract with the state through the General Services Commission. A lobbyist also cannot serve as a commissioner of the General Services Commission if he or she works on behalf of a business that contracts with the state in *any* manner, regardless of whether the business contracts through the General Services Commission.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General