Roy PAUL, Benny Anderson, Raymond Borden, Donald Boriack, Dyer Bowen, Kevin Brolan, Manuel Caballero, Cecil Callihan, Ponciano Cinco, Greg Collins, Kenneth Cook, Daniel Cordaway, Gabino Cortez, Larry Dale, Stanley Davis, Daniel Dellasala, Dennis Duckett, Gary Farge, Tyrone Freeman, Albert Garcia, Leocadio Gonzales, James Hancock, Everett Harkless, Larry Harper, Donald Haynes, James Hicks, Robert Kent, William Lobins, Darrell Mahalec, George Manos, Luke Mauro, Juan Melchor, Steven Merrel, Frederick Moore, Roland Morgan, Sammy Neal, Eric Olivares, Raymond Parrish, Victor Pena, Eddy Proske, Willie Rainwater, Joe Rodriguez, Camillo Russo, William Sammons, Ricky Scott, Stephen Sluder, James Snowden, Truett Tooke, Ray Torres, George Ward, Ronnie Watts, Robert White, Thomas Wood, Mike Zigal, Duane Hurley and William Sivley, Appellants,

v.

HOUSTON POLICE OFFICERS' UNION and the City of Houston, Appellees.

No. 14–00–01576–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 2002.

Rehearing Overruled May 30, 2002.

Paul G. Aman, Robert William Higgason, Houston, for appellants.

John Fisher, Robert Anthiny Armbruster, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and FROST.

## OPINION

SCOTT BRISTER, Chief Justice.

Appellants Roy Paul, et al., fifty-six arson investigators employed by the Houston Fire Department, ask us to hold they are actually "police officers," and thus include them in the City of Houston's contract governing employees in the Houston Police Department. We hold that they are not, and affirm the summary judgment below.

In 1993, the Texas Legislature shifted control of employment matters for the Houston Fire Department from the state to the local level. Under the statute, fire fighters in Houston (excluding only the department head and his assistants) formed an association as their exclusive bargaining agent with the City. *See* TEX. LOC. GOV'T CODE ANN. § 143.204(a). The City and the fire fighters association negotiated an agreement concerning wages, rates of pay, hours of employment, conditions of work, grievances, and labor disputes that superseded conflicting state laws, local ordinances, and civil service rules. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.203(a), 143.207.

In 1997, the Texas Legislature made the same shift to local control for Houston Police Department employment matters. *See* TEX. LOC. GOV'T CODE ANN. § 143.351 *et seq.* Although the majority of appellants were members of the fire fighters association, and all received whatever benefits resulted from the Houston Fire Department's agreement, they now seek to be included under the Houston Police Department's agreement instead.

The Houston Police Officers' Union (the bargaining agent under the 1997 statute) refused to represent appellants in their negotiations and contract with the City of Houston, and appellants filed suit seeking inclusion. All parties filed motions for summary judgment; the trial court granted judgment against appellants and dismissed their lawsuit.

█ Appellants' primary argument is that the nature of their employment is closer to police work than fire fighting. But generally Section 143.003 defines "fire fighters" and "police officers" not according to their duties but according to the department to which they are assigned:

(4) "Fire fighter" means a member of a fire department who was appointed

in substantial compliance with this chapter or who is entitled to civil service status [1]. . . .

\*   \*   \*   \*   \*   \*

(5) "Police officer" means a member of a police department or other peace officer who was appointed in substantial compliance with this chapter or who is entitled to civil service status. . . .

Appellants point out the statute includes as police officers "other peace officers," a term defined elsewhere to include arson investigators. *See* TEX.CODE CRIM. PROC. ANN. art. 2.12(7). But appellants provide no authority for importing this definition from the *Code of Criminal Procedure*. The latter Code does not relate to employment matters, and includes as "peace officers" sheriffs, constables, county and district attorneys' investigators, and agents of the Texas Alcoholic Beverage Commission, General Services Commission, Parks and Wildlife Commission, Texas Racing Commission, Texas Department of Health, State Board of Pharmacy, metropolitan and regional transit authorities, the attorney general, and a host of other state, county, and municipal agencies. *See* TEX. CODE CRIM. PROC. ANN. Art. 2.12.

■ Clearly, the legislature could not have intended the Houston Police Officers' Union to negotiate for all these far-flung officers. Importing the definition from another code (without any legislative direction to do so) would make a hash out of the structure of state and local governments. This we cannot do. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997) (stating primary objective in construing statutes is to give effect to Legislature's intent). We must construe the definitions in light of the statutes in which they are located. *Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex.1994).

All of the appellants were appointed to and are employed by the Houston Fire Department. Because civil service statutes deal with the relationship between employer and employee, it is the employer that should control our construction of the statute rather than the duties of the employee. *See City of Fort Worth v. Harty*, 862 S.W.2d 776 (Tex.App.—Fort Worth 1993, writ denied) (holding status of park rangers as peace officers did not make them "police officers" for purposes of § 143.003(5)). We hold that as a matter of law, appellants are not "police officers" as that term is used in sections 143.351 *et seq.*, and the trial court did not err in granting summary judgment dismissing appellants' claims against appellees. The judgment is affirmed.

---

1. In 2001, the legislature amended § 143.003 to add subsection (J), which clarified the legislature's intent that the term "fire fighter" include "fire arson investigator."