OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 27, 2002

The Honorable Gwyn Shea
Texas Secretary of State
P.O. Box 12697, Capitol Station
Austin, Texas 78711

Opinion No. JC-0486

Re: Whether a financing statement terminating a "pre-effective-date financing statement" should be filed with the Secretary of State or the county clerk (RQ-0449-JC)

Dear Secretary Shea:

The Uniform Commercial Code - Secured Transactions, codified at chapter 9 of the Business and Commerce Code, *see* TEX. BUS. & COM. CODE ANN. §§ 9.101-.709 (Vernon Supp. 2002) (the "Act"), provides for the perfection and regulation of security interests in personal property and fixtures. *See id.* The Act was substantially revised in 1999, including the provisions establishing the office in which financing statements must be filed to perfect security interests in the various types of personal property and fixture collateral. *See* Act of May 17, 1999, 76th Leg., R.S., ch. 414, § 1.01, 1999 Tex. Gen. Laws 2639, 2700. The revised provisions became effective July 1, 2001. *See id.* § 3.01, 1999 Tex. Gen. Laws at 2747.

Your question relates to a "pre-effective-date financing statement," defined as a financing statement filed to perfect security interests in collateral prior to the July 1, 2001 effective date of the revisions. *See* TEX. BUS. & COM. CODE ANN. § 9.707(a), (e) (Vernon Supp. 2002). Section 9.707(e) of the Act, a transition provision, deals with the termination of a "pre-effective-date financing statement." *See id.* 9.707(e). You ask whether under section 9.707(e), a financing statement to terminate a pre-effective-date financing statement originally filed with the office of the county clerk should be filed with the county clerk's office or with the office of the Secretary of State.[1] Based on the plain language of section 9.707(e) of the Act, we conclude that if a pre-effective-date financing statement was originally filed in the office of the county clerk, then a financing statement to terminate that original filing must also be filed in the county clerk's office unless an initial financing statement relating to the pre-effective-date financing statement has been filed in the office of the Secretary of State.

---

[1]*See* Letter from Geoffrey S. Connor, Assistant Secretary of State, to Honorable John Cornyn, Texas Attorney General (Oct. 9, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Section 9.707 of the Act provides in relevant part as follows:

> (a) In this section, "pre-effective-date financing statement" means a financing statement filed before the *revision takes effect.*

> . . . .

> (e) Whether or not the law of this state governs perfection of a security interest, the effectiveness of a pre-effective-date financing statement filed in this state may be terminated after the revision takes effect *by filing a termination statement in the office in which the pre-effective-date financing statement is filed, unless an initial financing statement that satisfies Section 9.706(c) has been filed in the office specified by the law of the jurisdiction governing perfection as provided in Subchapter C [law governing perfection and priority]* as the office in which to file a financing statement.

TEX. BUS. & COM. CODE ANN. § 9.707(a), (e) (Vernon Supp. 2002) (emphasis added). Before turning to your question, we briefly consider section 9.706 of the Act,[2] referenced in subsection (e) above.

---

[2]Section 9.706 provides as follows:

(a) The filing of an initial financing statement in the office specified in Section 9.501, as revised [county clerk for as-extracted collateral, timber to be cut, or fixture filing, otherwise Secretary of State], continues the effectiveness of a financing statement filed before the revision takes effect if:

> (1) the filing of an initial financing statement in that office would be effective to perfect a security interest under this chapter, as revised;

> (2) the pre-effective-date financing statement was filed in an office in another state or another office in this state; and

> (3) the initial financing statement satisfies Subsection (c).

(b) [additional requirements regarding when initial statement is filed and the duration of effectiveness].

(c) To be effective for purposes of Subsection (a), an initial financing statement must:

> (1) satisfy the requirements of Subchapter E, as revised [filing requirements], for an initial financing statement;

> (2) identify the pre-effective-date financing statement by indicating the office in which the financing statement was filed and providing the dates of filing and file

(continued...)

above.  This section deals with continuing the effectiveness of a pre-effective-date financing statement filed "in an office in another state or another office in this state" than the one required under the revised provisions of the Act.  *See id.* § 9.706(a)(1),(2); *see also id.* § 9.501.  Subsection (a) of section 9.706 provides that the effectiveness of such a pre-effective-date financing statement may be continued by filing an initial financing statement in the office established under revised section 9.501 of the Act for perfecting security interests in the collateral covered by the financing statement.  *See id.* §§ 9.706(a), .501; *see also infra* p. 5-6.  Subsection (c) of section 9.706 sets forth requirements for the subsection (a) initial filing statement:  it must satisfy the revised filing requirements; provide identifying information about the pre-effective-date filing statement, including the other office in which it was filed; and it must indicate that the pre-effective-date financing statement remains effective.  *See* TEX. BUS. & COM. CODE ANN. § 9.706(c) (Vernon Supp. 2002).

You inform us that there is confusion regarding construction of the italicized language in section 9.707(e): "the effectiveness of a pre-effective-date financing statement filed in this state may be terminated after the revision takes effect *by filing a termination statement in the office in which the pre-effective-date financing statement is filed*."  *See* Request Letter, *supra* note 1, at 2.  The confusion is "whether a termination statement terminating a pre-effective-date financing statement originally filed with the county filing officer should be filed with the county filing officer or with the Office of the Secretary of State."  *See id.*  We presume that an "initial financing statement that satisfies Section 9.706(c)" has not been filed in the situation about which you ask.  *See id.*  You suggest that the terminating statement should be filed in the office of the county clerk.[3]  *See id.*  We agree.

A statute must be construed as written and, if possible, the legislative intent ascertained from the statutory language.  *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985); *see also Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 892 (Tex. 2000) (primary objective of statutory construction is to determine and give effect to legislature's intent).  In doing so, like a court, we must look first to the plain and common meaning of the statutory words.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998).  When a statute is clear and unambiguous, it is unnecessary to resort to rules of construction or extrinsic evidence to construe it.  *See Cail v. Serv. Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983).  Instead, we must determine the legislative intent from the plain and ordinary meaning of the words used in the statute.  *See id.*

---

[2](...continued)
        (3) indicate that the pre-effective-date financing statement remains effective.

TEX. BUS. & COM. CODE ANN. § 9.706 (Vernon Supp. 2002).

[3]A brief submitted on behalf of the Texas Association of Counties and the County & District Clerk's Association of Texas also takes this position.  *See* Brief from Rex Hall, Associate General Counsel, Texas Association of Counties, to Honorable John Cornyn, Texas Attorney General (Nov. 19, 2001) (on file with Opinion Committee) [hereinafter TAC Brief].

Section 9.707(e), by its plain terms, requires a termination statement to be filed in the office in which the "pre-effective-date financing statement" is filed *unless* an initial financing statement relating to that pre-effective-date financing statement has been filed. A "pre-effective-date financing statement" is a financing statement filed before July 1, 2001, which is the effective date of the 1999 revisions to the Act. *See* TEX. BUS. & COM. CODE ANN. § 9.707(a), (e) (Vernon Supp. 2002); *see also* § 9.701("revision" means 1999 amendments to chapter 9 effective July 1, 2001). To determine in which office such a statement is filed, it is necessary to look at the chapter 9 provisions that governed the appropriate filing office for financing statements filed before July 1, 2001.

Prior to July 1, 2001, under former section 9.401 of the Business and Commerce Code, financing statements to perfect security interests in consumer goods, timber to be cut, minerals or the like, and fixture filings were filed in the office of the county clerk; financing statements to perfect security interests in all other items were filed in the office of the Secretary of State:

> (a) The proper place to file in order to perfect a security interest is as follows:
>
> (1) when the collateral is *consumer goods*, then in the office of the *County Clerk* in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the County Clerk in the county where the goods are kept.
>
> (2) when the collateral is *timber to be cut or is minerals or the like* (including oil and gas) or *accounts subject to Subsection (e) of Section 9.103* [mineral interests], or when the financing statement is filed as a *fixture filing* (Section 9.313) and the collateral is goods which *are or are to become fixtures*, then in the office of the *County Clerk* in the county where a mortgage on the real estate would be filed or recorded;
>
> (3) in all other cases, in the office of the Secretary of State.

Act of May 21, 1985, 69th Leg., R.S., ch. 914, §§ 3, 4, 1985 Tex. Gen. Laws 3081, 3082, *amended and renumbered by* Act of May 17, 1999, 76th Leg., R.S., ch. 414, § 1.01, 1999 Tex. Gen. Laws 2639, 2700 (emphasis added). *See also* TEX. BUS. & COM. CODE ANN. § 9.501 (Vernon Supp. 2002).

Turning back to section 9.707(e) and your question, where a financing statement to terminate a pre-effective-date financing statement must be filed depends on where the pre-effective-date financing statement was originally filed. A pre-effective-date financing statement was filed in the office of the Secretary of State or the county clerk, depending on the type of collateral in which a security interest was sought. A financing statement to terminate the pre-effective-date financing statement must be filed in the same office unless an initial financing statement has been filed in a different office pursuant to the Act's revised provisions. Accordingly, we conclude that if a pre-

effective-date financing statement was originally filed in the office of the county clerk, then a financing statement to terminate that original filing must also be filed in the county clerk's office unless an initial financing statement relating to the pre-effective-date financing statement has been filed in the office of the Secretary of State.

It has been suggested that a termination statement may be filed only in the office of the Secretary of State. This interpretation is apparently premised on the view that "filing office" under the Act refers only to the office of the Secretary of State.[4] This construction and its premise disregard the legislatively adopted language of section 9.707(e). *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994) (statutory provision must be construed in context of entire statute of which it is part; every word of statute must be presumed to have been used or excluded for a purpose). Section 9.707(e) plainly states that a pre-effective-date financing statement may be terminated by filing "a termination statement in the *office in which the pre-effective-date financing statement is filed,* unless an initial financing statement that satisfies Section 9.706(c) has been filed." TEX. BUS. & COM. CODE ANN. § 9.707 (e) (Vernon Supp. 2002) (emphasis added). Moreover, subsection (e) does not use the phrase "filing office." *See id.* And, in any case, the terms "filing office" do not exclusively denote the office of the Secretary of State. "Filing office," as defined in section 9.102(a)(37) of the Act, "means an office designated in Section 9.501 as the place to file a financing statement." *Id.* § 9.102(a)(37). Under section 9.501, the office of the county clerk is a designated place for filing certain financing statements:

> (a) Except as otherwise provided in Subsection (b), if the local law of this state governs perfection of a security interest or agricultural lien, the office in which to file a financing statement to perfect the security interest or agricultural lien is:
>
>> (1) the *office designated for the filing or recording of a record of a mortgage on the related real property*, if:
>>
>>> (A) the *collateral is as-extracted collateral or timber to be cut*; or
>>>
>>> (B) the financing statement is filed as a *fixture filing* and the collateral is goods that are or are to become fixtures; or

---

[4]*See* TAC Brief, *supra* note 3, at 5 ("Those who disagree [with construction that termination statement must be filed with county clerk if pre-effective-date statement was originally filed there] appear to argue that 'the office' as used in this section, must refer to 'the filing office' . . . which is the Secretary of State.") (footnote omitted).

> (2) *the office of the Secretary of State, in all other cases*, including a case in which the collateral is goods that are or are to become fixtures and the financing statement is not filed as a fixture filing.
>
> (b) The office in which to file a financing statement to perfect a security interest in collateral, including fixtures, of a transmitting utility is the office of the Secretary of State. The financing statement also constitutes a fixture filing as to the collateral indicated in the financing statement that is or is to become fixtures.

*Id.* § 9.501 (emphasis added). Financing statements to perfect security interests in "consumer goods" are no longer filed in the office of the county clerk as they were prior to July 1, 2001. *Compare id. with* Act of May 21, 1985, 69th Leg., R.S., ch. 914, §§ 3, 4, 1985 Tex. Gen. Laws 3081, 3082 (former section 9. 401 of Business & Commerce Code). However, financing statements to perfect security interests in "as-extracted collateral or timber to be cut" and fixture filing financing statements are still filed in the office of the county clerk.

Accordingly, we conclude that under section 9.707(e) of the Business and Commerce Code, if a pre-effective-date financing statement was originally filed in the office of the county clerk, then a financing statement to terminate that original filing must also be filed in the county clerk's office unless an initial financing statement relating to the pre-effective-date financing statement has been filed in the office of the Secretary of State in accordance with the Act's revised provisions.

## S U M M A R Y

Under section 9.707(e) of the Business and Commerce Code, if a pre-effective-date financing statement was originally filed in the office of the county clerk, then a financing statement to terminate that original filing must also be filed in the county clerk's office unless an initial financing statement relating to the pre-effective-date financing statement has been filed in the office of the Secretary of State in accordance with the revised provisions of chapter 9 of the Business and Commerce Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee