COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-200-CV

 

 

WESLEY BARRON                                                                APPELLANT

 

                                                   V.

 

COOK
CHILDREN=S HEALTH CARE

SYSTEM AND COOK CHILDREN=S

PHYSICIAN NETWORK                                                          APPELLEES

 

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Wesley Barron appeals the trial court=s
summary judgment in favor of Cook Children=s Health
Care System (ACCHCS@) and
Cook Children=s Physician Network (ACCPN@)
(collectively AAppellees@).  In two issues, Barron contends that Texas
Health and Safety Code section 161.134 applies to CCHCS and CCPN employees who
are terminated for reporting violations of law and that she reported a Aviolation
of law.@  We will affirm.

II.  Factual and Procedural Background

Barron is a licensed vocational nurse who worked
in an office staffed by two pediatric physicians.[1]  While employed at that office, Barron
reported her concerns about the way one of the pediatric physicians treated
patients.  Specifically, she complained
that the physician was not providing adequate care or prescribing adequate
medication to children who came in with respiratory problems.  Barron reported these complaints to the
office administrator.  The administrator
investigated the situation the following week and suspended Barron until
completion of the administrative review process.  Barron was ultimately terminated. 








Shortly thereafter, Barron filed suit against
CCHCS and CCPN, seeking relief pursuant to Texas Health and Safety Code section
161.134 and claiming that CCHCS and CCPN terminated her employment because she
reported violations of law.[2]  Appellees moved for summary judgment on
grounds that CCHCS was not a proper party to the suit, that neither CCHCS nor
CCPN were the types of entities subject to section 161.134, and that Barron
never reported a violation of law.  The trial
court granted summary judgment on the latter two grounds, and Barron timely
filed a motion for new trial and a notice of appeal. 

III.  Analysis

In her first issue, Barron argues that the trial
court erred by granting Appellees= motion
for summary judgment because both CCHCS and CCPN are Atreatment
facilities,@ and employees of CCHCS and CCPN
are therefore entitled to the protections of section 161.134.  Appellees contend that summary judgment was
proper because a Atreatment facility,@ as
defined in the statute, is a substance abuse treatment facility, and neither
CCHCS nor CCPN are substance abuse treatment facilities. 

A. 
Standard of Review








A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b),
(c).  When reviewing a summary judgment,
we take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr.,
143 S.W.3d at 798.  

B.  Health
& Safety Code Section 161.134

In her petition, Barron alleged that Appellees
violated section 161.134 of the health and safety code by retaliating against
her for reporting actual or suspected violations of law.  In their motion for summary judgment and on
appeal, Appellees contend that they are not subject to section 161.134 because
they are not hospitals, mental health facilities, or treatment facilities.








Section 161.134 provides that a Ahospital,
mental health facility, or treatment facility may not suspend or terminate the
employment of or discipline or otherwise discriminate against an employee for
reporting . . . a violation of law.@  Tex.
Health & Safety Code Ann. '
161.134(a) (Vernon 2001).  The plain
language of the statute limits its application to three types of entitiesChospitals,
mental health facilities, and treatment facilities.  Barron does not contend that Appellees fall
within either of the initial two categories. 
Rather, her sole argument is that because the term Atreatment
facility@ is
defined as encompassing Aprimary care facilities@ and Aoutpatient
care facilities,@ among others, Appellees must be
considered treatment facilities and therefore subject to section 161.134.

Chapter 161's definitions provide that a
treatment facility Ahas the meaning assigned by
Section 464.001.@ 
Id. ' 161.131(10).  Section 464.001 defines terms contained in
Chapter 464, a chapter entitled AFacilities
Treating Alcoholics and Drug-Dependent Persons.@  Id. '
464.001.  The relevant definitions are as
follows:

(4) ATreatment@ means a planned,
structured, and organized program designed to initiate and promote a person=s chemical-free status or
to maintain the person free of illegal drugs.

 

(5) ATreatment facility@ means:

 

(A)  a public or private hospital;

(B)  a detoxification facility;

(C)  a primary care facility;

(D)  an intensive care facility;

(E)  a long-term care facility;

(F)   an outpatient care facility;

(G)  a community mental health center;

(H)  a health maintenance organization;

(I)   a recovery center;

(J)   a halfway house;

(K)  an ambulatory care facility; or

(L)   any other facility that offers or purports to
offer treatment.

 








Id. '
464.001(4)-(5).  Essentially, Barron
argues that Appellees fall within subsections (C) and (F) above, and are
therefore subject to section 161.134's prohibition of retaliation against
treatment facility employees who report violations of law.  But Appellees contend that the definition of
treatment facility in section 464.001 is modified by the previous definition of
Atreatment.@  That is, Appellees contend that a Aprimary
care facility@ or Aoutpatient
care facility,@ as incorporated under the term Atreatment
facility,@ encompasses only those
facilities that offer or purport to offer Atreatment.@  The rules of statutory construction support
Appellees= position.

1.  Statutory Construction

When a statute is clear and
unambiguous, we should give the statute its common meaning and will seek the
intent of the legislature as found in the plain and common meaning of the words
and terms used.  St. Luke's Episcopal
Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997); In re K.L.V., 109
S.W.3d 61, 65 (Tex. App.CFort Worth 2003, pet.
denied).  We need not resort to rules of
construction or extrinsic aids to construe a statute that is clear and
unambiguous.  St. Luke's Episcopal
Hosp., 952 S.W.2d at 505; Cail v. Serv. Motors, Inc., 660 S.W.2d
814, 815 (Tex. 1983).  We should not
adopt a construction that would render a law or provision meaningless.  Centurion Planning Corp. v. Seabrook
Venture II, 176 S.W.3d 498, 504 (Tex. App.CHouston
[1st Dist.] 2004, no pet.).








Neither party asserts that
section 161.134 is, nor do we find it to be, ambiguous.  Accordingly, we look to the plain and common
meaning of the words and terms used.  St.
Luke=s Episcopal Hosp., 952
S.W.2d at 505.  Here, it is undisputed
that a primary care facility and an outpatient care facility are defined as
treatment facilities under section 464.001. 
But we are bound to adopt a construction of Atreatment
facility@ that
would not render another provision meaningless. 
See Centurion Planning Corp., 176 S.W.3d at 504.  The definition of Atreatment
facility@
includes subsections (A) through (L).  See
Tex. Health & Safety Code Ann.
'
464.001(5).  That last subsection
provides that a Atreatment facility@ includes
Aany
other facility that offers or purports to offer treatment.@  Id. '
464.001(5)(L) (emphasis added).  If we
held that all primary care facilities or all outpatient care
facilities, and not just those that offer or purport to offer treatmentCas that
term is definedCare nonetheless Atreatment
facilities@ under sections 464.001,
161.131, and 161.134(a), then we would effectively adopt a construction that
would render both sections 464.001(5)(L) and 464.001(4) meaningless.








In the same light, if we held
that all of the facilities, centers, organizations, or houses listed under Atreatment
facility@ in
section 464.001(5) are to be considered Atreatment
facilities,@ regardless of whether they
offer Atreatment,@ then we
would also adopt a construction that would render other entity classifications
in section 161.134(a) meaningless. 
Section 161.134(a) applies to (1) a hospital, (2) a mental health
facility, or (3) a treatment facility.  Id.
'
161.134(a).  If we held that all of the
entities listed in section 464.001(5) were to be considered treatment
facilities for the purpose of section 161.134(a), then the term Atreatment
facility@ in
section 161.134(a) could mean Aa public
or private hospital.@ 
Id. ' 464.001(5)(A).  Section 161.134(a) could then be read to
apply to (1) a hospital, (2) a mental health facility, or (3) a public or
private hospital; such a construction would render section 161.134(a)=s
initial entity classification meaningless. 


We therefore hold that section
161.134(a) applies to any Atreatment
facility@
included in section 464.001(5), but only so long as such entity has a Aplanned,
structured, and organized program designed to initiate and promote a person=s
chemical-free status or to maintain the person free of illegal drugs.@  See id. '
464.001(4).

2.  No Fact Issue on Elements of Section
161.134(a) Claim








To prove a retaliatory discharge
claim, a plaintiff must show that (1) she was an employee of a hospital, mental
health facility, or treatment facility; (2) she reported a violation of law;
(3) the report was made to a supervisor, an administrator, a state regulatory
agency, or a law enforcement agency; (4) the report was made in good faith; and
(5) she was suspended, terminated, disciplined or otherwise discriminated
against.  See id. 161.134(a), (f);
Muenster Hosp. Dist. v. Carter, No. 02-06-00301-CV, 2007 WL 174413, at
*4 (Tex. App.CFort Worth Jan. 25, 2007, no
pet. h.).  Barron had the burden to prove
these elements.[3]  Tex.
Health & Safety Code Ann. '
161.134(f).  In light of our statutory
construction, Barron had to prove that Appellees were primary care facilities,
outpatient facilities, or other entities listed in section 464.001(5) that had
a Aplanned,
structured, and organized program designed to initiate and promote a person=s
chemical-free status or to maintain the person free of illegal drugs.@  See id. '
464.001(4).  








Here, Barron produced no
evidence to show that either CCHCS or CCPN had a program to initiate and
promote a person=s chemical-free status or to
maintain the person free of illegal drugs. 
The evidence produced through summary judgment was as follows.  Barron worked as a pediatric office nurse in
an office where two pediatric physicians worked.  Barron=s
reported complaints, which initiated the alleged retaliation at issue in this
case, involved a physician=s
treatment of children with respiratory conditions.  The evidence also demonstrated that CCHCS
provided administrative and management functions to other entities, and that
CCPN employed over 200 physicians and their staff and operated Awhat
would commonly be recognized as doctors=
offices.@[4]  None of the evidence, however, demonstrated
that this office had a program to initiate and promote or maintain a person=s
chemical-free status.

Even taking as true all evidence
favorable to Barron, and indulging every reasonable inference and resolving any
doubts in Barron=s favor, no summary judgment
evidence exists that either CCHCS or CCPN was a Atreatment
facility@ under
the applicable statutory definition.  See
IHS Cedars Treatment Ctr., 143 S.W.3d at 798.  Because neither CCHCS nor CCPN was a
treatment facility, they were both entitled to summary judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c).  Accordingly,
we overrule Barron=s first issue.

IV.  Conclusion








Because a treatment facility is
any entity listed in section 464.001(5) of the health and safety code that has
a Aplanned,
structured, and organized program designed to initiate and promote a person=s
chemical-free status or to maintain the person free of illegal drugs,@ and
because there was no issue of material fact as to whether either CCHCS or CCPN
fell within that definition of a treatment facility, we overrule Barron=s first
issue.  We need not address Barron=s second
issue because resolution of the first issue is dispositive in this case.  See Tex.
R. App. P. 47.1.  We therefore
affirm the trial court=s judgment.

 

 

SUE WALKER

JUSTICE

 

PANEL
B:  HOLMAN, GARDNER and WALKER, JJ.

 

DELIVERED:  MARCH 1, 2007

 











[1]Barron contends that she
worked for CCHCS, which she alleges is the parent company of CCPN.  Appellees contend, however, that Barron
worked for CCPN only.  But as set forth
below, it makes no difference if we classify CCPN, CCHCS, or both as Barron=s employer.





[2]Her suit also sought
relief under Texas Occupations Code sections 301.402(f) and 301.413(b)(c).  But the trial court granted summary judgment
in favor of Appellees on this claim and Barron does not appeal that ruling.





[3]There is, however, a
rebuttable presumption for the fifth element if the complained-of action
occurred within sixty days of her report. 
Tex. Health & Safety Code
Ann. ' 161.134(f).  Barron arguably may be entitled to this
presumption because she was terminated shortly after reporting the alleged
violations of law.  But as discussed
below, that presumption does not overcome the lack of proof under the first
element.





[4]Barron herself testified
as such in her deposition:

 

Q: Basically what that
was, was a doctor=s office, correct?

A: Yes.

Q: It wasn=t a hospital?

A: No.

Q: It wasn=t a mental health
facility?

A: No.

Q: It wasn=t a substance abuse
treatment facility?

A: No.