OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 14, 2001

The Honorable Michael L. Williams
Chair, Railroad Commission of Texas
P.O. Box 12967
Austin, Texas 78711-2967

Opinion No. JC-0408

Re: Whether section 39.9048 of the Utilities Code requires the Railroad Commission to initiate "a program to keep the costs of fuel, such as natural gas, used for generating electricity low" TEX. UTIL. CODE ANN. § 39.9048(2) (Vernon Supp. 2001) (RQ-0372-JC)

Dear Commissioner Williams:

You ask whether section 39.9048 of the Utilities Code vests the Railroad Commission with the responsibility to initiate "a program to keep the costs of fuel, such as natural gas, used for generating electricity low," TEX. UTIL. CODE ANN. § 39.9048(2) (Vernon Supp. 2001), and, if so, what the scope of that responsibility is.[1] We conclude that section 39.9048 does not require the Railroad Commission to initiate a program. Given our answer to your first question, we do not address the second.

During the seventy-sixth legislative session, the Texas Legislature adopted an extensive provision, Senate Bill 7, to deregulate the electric utility industry. Section 39 of that bill added chapter 39, entitled "Restructuring of Electric Utility Industry," to the Utilities Code. Subchapter Z of that chapter, entitled "Miscellaneous Provisions," includes the following provision, section 39.9048, which is the source of your question:

> It is the intent of the legislature that:
>
> (1) the cost of generating electricity remain as low as possible; and
>
> (2) *the state establish and publicize a program to keep the costs of fuel, such as natural gas, used for generating electricity low.*

*Id.* § 39.9048 (emphasis added).

---

[1]*See* Letter from Honorable Michael L. Williams, Chair, Railroad Commission of Texas, to Honorable John Cornyn, Texas Attorney General (Apr. 2, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

You ask whether the Railroad Commission, which regulates the production of natural gas in this state, and, to some extent, its sale, is responsible for initiating the program described in subsection (2) of section 39.9048. *See* Request Letter, *supra* note 1, at 3; *see also* TEX. NAT. RES. CODE ANN. ch. 86, subch. C (Vernon 1993 & Supp. 2001) (Railroad Commission's powers and duties with respect to regulation of production of natural gas), TEX. UTIL. CODE ANN. ch. 121 (Vernon 1998 & Supp. 2001) (Railroad Commission's regulatory authority with respect to gas utilities). Reading section 39.9048 in the context of chapter 39, and particularly in light of section 39.9044, we conclude that section 39.9048 does not charge the Railroad Commission with establishing a program.

Subchapter Z of chapter 39 is a catchall for various provisions, not all related to each other, that pertain to deregulation and its effects, such as its effects on school funding, the tax revenues of other taxing units, and electric utility workers. *See* TEX. UTIL. CODE ANN. §§ 39.901, .9015, .906 (Vernon Supp. 2001). Several provisions contain goals for energy use and efficiency in this state. *See id.* §§ 39.904, .9044, .9048, .905. Section 39.904, for example, establishes a goal with respect to renewable energy. *See id.* § 39.904.

Section 39.9048, the provision at issue in your request, follows another lengthy provision regarding goals with respect to natural gas, section 39.9044. That provision states the legislature's intent that half the generating capacity installed in this state after January 1, 2000, use natural gas. *See id.* § 39.9044(a). It charges the Public Utilities Commission (the "PUC") with establishing a program to encourage utilities to comply with this goal by using natural gas produced in Texas as the preferential fuel and with establishing a natural gas energy credits trading program. *See id.* § 39.9044(a), (b). Subsections (c) and (d) of section 39.9044 reference duties of both the PUC and the Railroad Commission:

> (c) Not later than January 1, 2000, the commission shall adopt rules necessary to administer and enforce this section and to perform any necessary studies *in cooperation with the Railroad Commission of Texas.* At a minimum, the rules shall:
>
> > (1) establish the minimum annual natural gas generation requirement for each power generation company, municipally owned utility, and electric cooperative operating in this state in a manner reasonably calculated by the commission to produce, on a statewide basis, compliance with the requirement prescribed by Subsection (a); and
> >
> > (2) specify reasonable performance standards that all natural gas capacity additions must meet to count against the requirement prescribed by Subsection (a) and that:

(A)  are designed and operated so as to maximize the energy output from the capacity additions in accordance with then-current industry standards and best industry standards; and

(B)  encourage the development, construction, and operation of new natural gas energy projects at those sites in this state that have the greatest economic potential for capture and development of this state's environmentally beneficial natural gas resources.

(d) The commission, *with the assistance of the Railroad Commission of Texas*, shall adopt rules allowing and encouraging retail electric providers and municipally owned utilities and electric cooperatives that have adopted customer choice to market electricity generated using natural gas produced in this state as environmentally beneficial. The rules shall allow a provider, municipally owned utility, or cooperative to:

(1) emphasize that natural gas produced in this state is the cleanest-burning fossil fuel; and

(2) label the electricity generated using natural gas produced in this state as "green" electricity.

*Id.* § 39.9044(c), (d) (emphasis added); *see also id.* § 11.003(4) (defining "commission" for purposes of title 2 of the Utilities Code as "the Public Utility Commission of Texas").

Sections 39.9044 and 39.9048 were enacted together as part of the same legislation, Senate Bill 7, and both deal with the use of natural gas to generate electricity in the context of deregulation of the electric utility industry. Thus, we read them together. *See Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994); *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991); *Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex. 1984); *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) (court must look to entire act, not just one provision, to determine legislative intent); *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (providing that in construing statute, court may consider legislative objective, circumstances under which statute was enacted, legislative history, and consequences of particular construction). We believe it is clear from these provisions that the PUC is charged with taking the lead role in implementing natural gas goals and that the legislature did not intend section 39.9048 to require the Railroad Commission to establish a program.

First, section 39.9044, the more specific of the two statutes, charges the Railroad Commission with nothing more than assisting the PUC. Subsection (c) requires the Railroad Commission to cooperate with the PUC to perform any necessary studies in connection with use of natural gas to generate electricity. *See* TEX. UTIL. CODE ANN. § 39.9044(c) (Vernon Supp. 2001). In addition, subsection (d) requires the Railroad Commission to assist the PUC to adopt rules

allowing and encouraging electric providers that have adopted customer choice programs to market electricity generated using natural gas produced in this state as environmentally beneficial. *See id.* § 39.9044(d). The primary duty to take action is vested in the PUC; the Railroad Commission's duty is to assist the PUC in its efforts.

Second, section 39.9048 does not vest the Railroad Commission with the authority to establish a program regarding the cost of natural gas or other fuels in the generation of electricity. By contrast, section 39.9044 specifically vests the PUC with rule-making authority to implement the programs outlined in that provision. If the legislature had intended to require the Railroad Commission to establish a program pursuant to section 39.9048, we believe it would have given the Commission the authority to adopt rules to implement such a program, as it did with respect to the PUC in section 39.9044. The legislative history supports our conclusion that the legislature did not intend Senate Bill 7 to vest the Railroad Commission with any additional rule-making authority. The final bill analysis for Senate Bill 7 notes that the legislation grants rule-making authority to the PUC, the Texas Natural Resource Conservation Commission, the Commissioner of Education, the Comptroller, municipal utilities, and electric cooperatives. *See* SENATE COMM. ON ECONOMIC DEVELOPMENT, BILL ANALYSIS, Tex. S.B. 7, 76th Leg., R.S. (1999). The bill analysis expressly refers to the PUC's authority under section 39.9044(c) to adopt rules to administer and enforce a program to encourage the use of natural gas in the generation of electricity.[2] The bill analysis' discussion of rule-making authority makes no mention of the Railroad Commission.

In sum, section 39.9048, when read together with section 39.9044 and in context with the rest of Senate Bill 7, does not require the Railroad Commission to adopt a program regarding the cost of fuels used to generate electricity.

---

[2]The bill analysis states in pertinent part:

> Rulemaking authority is granted to the Public Utility Commission in SECTION 36 (Section 38.005(a), Utilities Code) and SECTION 39 (Sections 39.101(e) and (f), 39.153 (e) and (f), 39.155(a), 39.157(d) and (e), 39.352(g), 39.903(f), (g), (i), (j), 39.904(c), 39.044(c) and (d), 39.905(b), Utilities Code), and SECTION 65; the governing body of a municipally owned utility in SECTION 39 (Section 39.101(g), Utilities Code); Texas Natural Resource Conservation Commission in SECTION 39 (Sections 39.264(f), (g), and (i), Utilities Code); commissioner of education in SECTION 39 (Section 39.901(g), Utilities Code); comptroller of public accounts in SECTION 39 (Section 39.901(g), Utilities Code); and the board of directors of electric cooperatives in SECTION 39 (Section 41.003(a), Utilities Code).

SENATE COMM. ON ECONOMIC DEVELOPMENT, BILL ANALYSIS, Tex. S.B. 7, 76th Leg., R.S. (1999).

## S U M M A R Y

Section 39.9048 of the Utilities Code does not require the Railroad Commission to initiate "a program to keep the costs of fuel, such as natural gas, used for generating electricity low." TEX. UTIL. CODE ANN. § 39.9048(2) (Vernon Supp. 2001).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee