NO. 07-01-0144-CR
NO. 07-01-0145-CR
NO. 07-01-0146-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2002

_____

LINDA ELIZABETH ARNHEITER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT NO. 5 OF HARRIS COUNTY;

NOS. 1025562, 1025563, 1025564; HONORABLE E. JANICE LAW, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Linda Elizabeth Arnheiter brings this appeal from three convictions for failure to maintain motor vehicle title records as required by a special statute applicable to Harris County. Finding merit in the second of appellant's three issues, we reverse.

In an effort to curb what was perceived as a serious problem with fraudulent documents and transactions involving motor vehicle titles, the Harris County Tax Assessor

and Houston Police Department supported the passage of the Troy Blando Motor Vehicle Theft Prevention Act of 1999 (the Act). 76th Leg., R.S., Ch. 1478, sec. 2, 1999 Tex.Gen. Laws 5091. It was codified as Chapter 520 of the Transportation Code and became effective on September 1, 1999. The Act requires anyone who operates a "motor vehicle title service" in Harris County to obtain a license from the county tax assessor, comply with record keeping requirements, and permit inspection of their records without a warrant. Section 520.057.[1] Section 520.061 makes violation of the chapter, or a rule adopted by the county tax assessor,[2] a Class A misdemeanor offense.

---

[1]Section 520.057 provides:

(a) A holder of a motor vehicle title service license shall maintain records as required by this section on a form prescribed and made available by the county tax assessor-collector for each transaction in which the license holder receives compensation. The records shall include:

(1) the date of the transaction;

(2) the name, age, address, sex, driver's license number, and a legible photocopy of the driver's license for each customer; and

(3) the license plate number, vehicle identification number, and a legible photocopy of proof of financial responsibility for the motor vehicle involved.

(b) A motor vehicle title service shall keep:

(1) two copies of all records required under this section for at least two years after the date of the transaction;

(2) legible photocopies of any documents submitted by a customer; and

(3) legible photocopies of any documents submitted to the county tax assessor-collector.

[2]Compliance with rules promulgated by the tax assessor are not at issue here and we need not address whether the legislature improperly delegated its power to define criminal offenses to that official.

It is undisputed that appellant operates a motor vehicle title service in Harris County and that she obtained a license in December 1999. On October 4, 2000, Detective William Smith of the Harris County Sheriff's Department inspected the records maintained by Arnheiter, doing business under the name Servicios Latino Americanos. Smith found a form which indicated Arnheiter transferred the titles on three vehicles for which she did not maintain all of the records required by the statute. Specifically, Smith could not find any records showing the name, age, address, sex or drivers' license number of these customers. On October 11, 2000, appellant was charged by separate instruments with failure to maintain motor vehicle records on each of the three vehicles.

At her jury trial, appellant admitted she did not have the additional records, but testified she was not aware she was required to keep that information. She admitted that she knew additional record keeping requirements were imposed on motor vehicle title services about December 1999 when she obtained her license. She also admitted seeing posters in the tax office about the new rules and receiving a letter from the tax assessor announcing a meeting to discuss application of the statute. She discarded the letter because it arrived the day after the meeting. The State presented the testimony of a deputy clerk named Diana Aguilar in the tax office, who stated it was her practice to inform each person who applied for a license of the record keeping requirements of the statute and provide them with a copy of it. She did not have specific recollection of doing this with appellant.

3

The jury found her guilty in each case and punishment was assessed by the trial court at eight days confinement in the Harris County Jail. Appellant timely perfected appeal from each judgment and now presents three issues for our review. They are whether 1) there was legally sufficient evidence to support the conviction when the State failed to prove the tax assessor-collector prescribed and made available a form to maintain the records required under Section 520.057(a); 2) the evidence was legally sufficient to sustain her conviction when the form made available by the tax assessor-collector does not request all of the information required by the statute, and 3) the trial court erred in setting out the provisions of Section 520.057(b) in its charge when appellant was not charged with violating that subsection.

Appellant's first challenge is to the legal sufficiency of the evidence. She argues there was no evidence that the Harris County Tax Assessor-Collector created and made available a form as required by the Act. In considering a legal insufficiency challenge, we are required to view the evidence in a light most favorable to the prosecution and then determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d. 560 (1979).

At trial, the State admitted the document entitled Harris County Title Service Transaction Form as its exhibit number six. Deputy Clerk Aguilar identified the form and stated "they have to present this form every time they conduct business within our office." In discussing the processing of applications for title services, she stated that she would

4

explain to title services "what they have to do with *that transaction sheet . . .*" (emphasis added). Viewing the evidence in the light most favorable to the verdict, as we must, from this testimony, and the text of the form itself, a rational trier of fact could find that State's exhibit number six was a form promulgated by the tax assessor pursuant to the Act. We overrule appellant's first issue.

Appellant's second issue assumes, for the purpose of argument, that State's exhibit six, entitled "Harris County Title Service Transaction Form," is a form prescribed by the tax assessor pursuant to the Act. That form contains blanks for date of sale, vehicle year, make, vehicle identification number and purchaser's name. It does not contain a place for the recordation of a customer's age, sex, driver's license number, or the vehicle's license plate number. Appellant argues there was no evidence "that the . . . tax assessor-collector prescribed and made available a form that could be used to maintain all the records required by Section 520.057(a). Therefore it was impossible for the State to establish that appellant failed to maintain records on a form prescribed by the tax assessor-collector." After reciting the evidence introduced at trial, the State's argument in support of the jury's verdict consists of a single conclusory sentence that the evidence is sufficient to support a finding that appellant failed to maintain the information on the tax assessor's form. It contains no discussion of how a licensee could record this information on the form provided.

Resolution of this issue requires construction of section 520.057. A court's primary objective in construing a statute is to determine and give effect to the legislative intent.

5

*Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). That purpose is accomplished by first looking at the plain and common meaning of the statute's words, unless the plain meaning would produce an absurd result. *Bridgestone/Firestone, Inc. v. Glyn-Jones*, 878 S.W.2d 132, 134 (Tex. 1994). By statute we are also instructed that in our construction, we are to presume that the entire statute is intended to be effective, to create a just and reasonable result, and one feasible of execution. Tex. Govt. Code Ann. § 311.021 (Vernon 1998).

Here, a literal reading of section 520.057(a)(2) and (3) would require that the title service company photocopy customers' drivers' licenses and proof of financial responsibility directly onto the form promulgated by the tax assessor. The State takes the position that this is what is required of title service companies without offering any explanation of how this could be accomplished on the form provided. However, we perceive this to be an absurd result and question whether it would be feasible of execution. The intent of the legislature appears clear; that title service companies obtain photocopies of customers' drivers' licenses as proof of financial responsibility. The failure to provide space on the tax assessor's form for those copies does not excuse performance of that statutory duty, and appellant has provided no authority supporting the conclusion that it would.

Appellant also argues that the absence of the items on the tax assessor's form is determinative because the court's charge only alleged she failed to maintain the

6

information on the prescribed form, not that she failed to keep the required information. The application paragraph of the court's charge provided:

> Now, if you find from the evidence beyond a reasonable doubt that on or [sic] October 4, 2000, in Harris County Texas, the Defendant . . . did unlawfully, while the holder of a motor vehicle title service license, intentionally or knowingly fail to maintain records for each transaction in which the defendant received compensation, on the form prescribed and made available by the Harris County tax assessor-collector, as required by section 520.057 . . . namely, a transaction for [listing specific vehicle], then you will find the defendant guilty.

In *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997), the Court of Criminal Appeals held that the sufficiency of the evidence must be measured by the elements of the offense as defined by a hypothetically correct jury charge. *Id.* at 240. A hypothetically correct jury charge for a case would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* at 239-40.

Applying the teachings of *Malik* to this case requires us to determine whether the phrase "on the form" in the application paragraph of the court's charge was surplusage. Our holding that the legislature did not intend to require title services to photocopy onto the tax assessor's form dictates a finding that the phrase "on the form" is surplusage as to the items that are required to be photocopied. As to the other information, specifically

the vehicle license plate number, customer's address and, for individual customers,[3] their age, sex, and driver's license number, the phrase would not be surplusage. Therefore, where the evidence clearly showed the tax assessor's form did not allow for the entry of those items, no rational factfinder could find appellant intentionally or knowingly failed to maintain that information "on the form prescribed" by the tax assessor.

We sustain appellant's second issue. This disposition obviates the need to address appellant's third issue. Because we find the evidence legally insufficient, we reverse the judgment of the trial court and render a judgment of acquittal in each case.

John T. Boyd
Chief Justice

Do not publish.

---

[3]Although not raised by appellant, we note the Act does not define the term "customer." This is significant because the purchasers of two of the vehicles at issue are shown to be Astrodome Auto Sales. We presume this is a corporation, which clearly would not have a driver's license, precluding appellant from obtaining a copy of that document. However, a corporation would have an address, proof of financial responsibility, and the vehicle license plate number.

8